## DANIEL SOUTHARD *versus* INHABITANTS OF BRADFORD.

By R. S., c. 3, § 4, in case the selectmen unreasonably refuse to call a town meeting, any ten or more legal voters therein may apply to a justice of the peace in the county, who is hereby authorized to issue his warrant for calling such meeting.

If a majority of the selectmen were never requested to call the meeting, it cannot be said they unreasonably refused.

A town meeting, called by a justice of the peace, without an unreasonable refusal by the selectmen, is illegal.

This Court will not presume a town intended to ratify the proceedings of a meeting illegally called, unless it use language so clear and explicit that there can be no doubt of its purpose.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding.

CASE for refusal of the selectmen of Bradford to draw an order for a bounty of $100 for the plaintiff, in pursuance of a vote passed at an alleged town meeting held Feb. 21, 1865.

It was proved that the plaintiff was an inhabitant of the defendant town, was drafted and mustered into the U. S. service in March, 1865, credited to the quota of Bradford, and honorably discharged in May, 1865.

It was also proved that the town, at a legal meeting held Jan. 31, 1865, voted " to pay each volunteer enlisting for the town's quota, $400 when mustered into service," also voted to pay each drafted man, &c., $200, when mustered. At the meeting called by the justice, and held Feb. 21, 1865, the town, under a specific article, voted " to pay each drafted man $100 in addition to the $200 voted to be paid Jan. 31, 1865, by a town order payable in one year." In the warrant calling the annual meeting to be holden March 13, 1865, were the following articles, viz., " Art. 5. To see what sum of money the town will raise to pay orders given for town bounties. Art. 14. To see if the town will instruct the selectmen to draw the bounty orders for those who have or may enlist or be drafted on the present town quota payable with interest." Under these respective articles, the town " voted to raise $3000 to pay orders given for

bounties;" and to " instruct the selectmen to draw said orders on interest."

The plaintiff contended that, if the February meeting were illegal, the votes at the March meeting ratified it.

The remaining facts appear in the opinion.

*Mace*, for the plaintiff.

*Wakefield*, for the defendants.

APPLETON, C. J.— The rights of the parties depend upon the legality of the town meeting on Feb. 21, 1865, at which the votes relied upon by the plaintiff to maintain his suit were passed.

By R. S., 1857, c. 3, § 4, " in case the selectmen unreasonably refuse to call a meeting, any ten or more legal voters therein may apply to a justice of the peace in the county, who is hereby authorized to issue his warrant for calling such meeting," &c.

The warrant, issued by the justice calling the meeting, does not give the names of the selectmen, whose alleged unreasonable refusal constitutes the justification of his action.

The statute requires certain conditions precedent to give the magistrate jurisdiction. Whether those conditions existed may be a matter of controversy. The magistrate is not finally and in the last resort to determine the question of their existence. He is not to notify parties and hear witnesses. His action in the premises is ministerial, not judicial. He is not constituted a tribunal, whose decision is binding upon the parties. It obviously follows that the existence or non-existence of the conditions essential to give him jurisdiction may be controverted in subsequent proceedings.

The applicants to the justice may not be legal voters in the town. The town is not concluded by his warrant. In *Ladd* v. *Clements*, 4 Cush., 477, the validity of a parish meeting depended upon whether those, by whom the meet-

ing was called, were or were not members of the parish, and evidence on both sides was received. In *Fletcher* v. *Lincolnville*, 20 Maine, 439, a school district meeting was called by the selectmen upon the application of four individuals, who were not described therein as qualified voters residing within the district. The opinion of the Court assumes the admissibility of evidence to prove that they were such qualified voters.

So, too, whether there was a refusal of the selectmen to call a town meeting is an issuable fact. The action of the magistrate was unauthorized without such refusal. The evidence shows that the selectmen never refused unreasonably or otherwise. Two of them, constituting a majority, were never requested, and there cannot be an unreasonable refusal without a request. *Sudbury* v. *Stearns*, 21 Pick., 148.

The vote at the annual town meeting, holden on 13th of March, 1865, does not in terms apply to the proceedings at the alleged town meeting on 21st of February preceding, which we have seen was not duly called. Its language is fully satisfied by regarding it as referring to the proceedings of the town meeting on Jan. 31, the validity of which is not questioned. We cannot presume the town intended to ratify the proceedings of a meeting not legally called. If such was the intention of the town it should have used language so clear and explicit, that there could not be any doubt of its purpose.

The vote on March 13, in the absence of anything to the contrary, must be limited in its application to orders legally issued under the vote of the town on Jan. 31.

It is not pretended that the proceedings of the town at the alleged meeting, on Feb. 21, have been ratified at any other time than on March 13. We have seen they were not then ratified.                    *Plaintiff nonsuit.*

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.